**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **POWELL JONES, JR.,** | § | |
| **TDCJ No. 02126277** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **W-19-CV-478-ADA** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Before the Court are Petitioner Powell Jones, Jr.'s pro se Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent's Response (ECF No. 25),

and Petitioner's Reply (ECF No. 30). Petitioner has also filed a Motion for Discovery and

Production. (ECF No. 32.) Having reviewed the record and pleadings submitted by both

parties, the Court concludes Petitioner's federal habeas corpus petition should be denied

under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner's Motion for Discovery is also denied.

## I.  Background

In January 2009, Petitioner was charged by indictment with unlawful possession of

a firearm by a felon. The indictment included four enhancement paragraphs detailing

Petitioner's prior convictions for (1) Burglary of a Habitation in 1989, (2) Aggravated

Assault in 1989, (3) Burglary of a Habitation in 1989, and (4) Aggravated Assault on a

1

Correctional Officer in 1991. (ECF No. 26-26 at 94-95.) In February 2017, the State filed its

First Amended Application to Proceed to Final Adjudication, listing nine violations of

Petitioner's probation. (*Id.* at 105-07.) After a hearing, the Court found four violations to

be true, and sentenced Petitioner to sixty years imprisonment on unlawful possession of a

firearm by a felon, enhanced by his prior convictions. *State v. Powell*, No. 35,707 (66th

Dist. Ct., Hill Cnty., Tex. Mar. 23, 2017.) (ECF No. 26-26 at 108-09.) The following is a brief

summary of the factual allegations against Petitioner.

> In January 2009, appellant was indicted for the offense of unlawful possession of a firearm by a felon. . . . The indictment also contained four enhancement paragraphs referencing appellant's prior felony convictions for: (1) two instances of burglary of a habitation; (2) aggravated assault; and (3) aggravated assault on a correctional officer. Appellant pleaded guilty to the charged offense and "true" to the enhancement paragraphs. The trial court accepted appellant's pleas, deferred an adjudication of guilt, and placed appellant on community supervision for ten years.

> Throughout the years, appellant's community supervision was amended four different times in response to appellant's commission of new criminal offenses and a positive test for cocaine. Ultimately, in February 2017, the State filed its "First Amended Application to Proceed to Final Adjudication," wherein the State alleged that appellant committed nine violations of the terms and conditions of his community supervision.

> The trial court subsequently conducted a hearing on the State's motion. Prior to the hearing, the State abandoned three of the alleged violations in its motion. At the conclusion of the hearing, the trial court found to be true that appellant violated the terms and conditions of his community supervision by failing to: (1) report to his Community Supervision Officer on July 19, 2016; (2) complete 250 hours of community service at a rate of no less than ten hours per month by the due date of February 14, 2012; (3) pay an $8 urinalysis fee by the due date of September 13, 2014; and (4) attend and successfully complete the Intensive Out-Patient Treatment as instructed. Given these violations, the trial court found appellant guilty of the underlying offense, revoked his community supervision, and sentenced him to sixty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

*Jones v. State*, No. 10-17-00118-CR, 2018 WL 327501 (Tex. Ct. App.—Waco Jan. 3, 2018, pet. ref'd).

Petitioner's conviction was affirmed on appeal. *Id.* On May 23, 2018, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's Petition for Discretionary Review (PDR). *Jones v. State*, No. PD-144-18 (Tex. Crim. App. May 23, 2018). Petitioner did not petition for a writ of certiorari to the United States Supreme Court. (ECF No. 1 at 3.)

On August 2, 2019, Petitioner filed his first pro se state habeas corpus application (ECF No. 26-26 at 3-18), and then filed an amended state habeas corpus application on February 13, 2020, listing the following grounds of relief:

1. His adjudication counsel provided ineffective assistance when counsel
   a. failed to adequately consult with Petitioner prior to his final adjudication hearing;
   b. failed to conduct a pretrial investigation prior to the hearing and obtain Petitioner's medical records;
   c. failed to interview Dr. Mariam Nehme Alame regarding Petitioner's diagnosis for diabetes mellitus;
   d. failed to interview Dr. Blaine Michael Bachim;
   e. failed to obtain Petitioner's medical records from Hill County Jail;
   f. failed to obtain Petitioner's medical records from Dr. Lloyd Weldon regarding Petitioner's back surgery;
   g. failed to investigate the State's allegation that Petitioner did not complete Intensive Out-Patient Treatment;
   h. failed to provide Petitioner with his case file; and
   i. failed to present Petitioner's pro se motion for an expert witness.

2. The adjudication court erred by finding Petitioner had not paid an $8 urinalysis fee without finding that Petitioner was able to pay the fee.

(ECF No. 26-25.) On August 19, 2019, Petitioner filed the instant pro se federal petition for writ of habeas corpus and the Court granted Petitioner an abeyance of his federal writ while he exhausted his state habeas claims. (ECF Nos. 1-2, 5.)

On October 23, 2019, the TCCA ordered adjudication counsel to file an affidavit addressing Petitioner's ineffective-assistance-of-counsel claims in the state habeas court. (ECF No. 26-14.) Petitioner's court-appointed adjudication counsel, Mr. Patrick S. Dohoney, filed his affidavit on May 15, 2020 (ECF No. 26-24 at 6-10), and the state habeas court entered its Findings of Fact and Conclusions of Law the same day, recommending Petitioner's application be denied (*id.* at 11). On July 22, 2020, the TCCA denied Petitioner's application without written order on the findings of the trial court without hearing and on the court's independent review of the record. *Ex parte Jones*, No. WR-90, 425-01. (ECF No. 26-12 at 1.)

On August 13, 2020, Petitioner requested the abeyance on his federal petition be lifted and filed a supplement to his federal petition on October 9, 2020 (ECF Nos. 19, 24.) Petitioner's federal habeas petition and supplement list the following grounds of relief:

1. Adjudication counsel provided ineffective assistance when counsel
   a. failed to adequately consult with Petitioner prior to the adjudication hearing;
   b. failed to conduct a pretrial investigation to obtain any of Petitioner's medical records;
   c. failed to interview Dr. Mariam Nehme Alame regarding Petitioner's diabetes mellitus;
   d. failed to interview Dr. Blaine Michael Bachim regarding Petitioner's lower back pain;
   e. failed to obtain the medical records from Hill County Jail;
   f. failed to obtain the medical records from Dr. Lloyd K. Weldon regarding Petitioner's back surgery;
   g. failed to investigate the State's allegation that Petitioner did not complete his court-ordered group counseling, which was false;
   h. failed to provide Petitioner his legal file upon request;
   i. failed to advise Petitioner that the State and court were predisposed to sentence Petitioner to sixty years imprisonment; and
   j. filed a defective motion for the appointment of an expert witness.

2. The adjudication court erred when it found Petitioner had failed to pay the $8.00 urinalysis fee without also finding Petitioner had the ability to pay;

3. The state habeas court erred by recommending Petitioner's state application be denied without conducting an evidentiary hearing and considering
   a. medical evidence and expert testimony that were not presented at the adjudication hearing;
   b. Petitioner's claim that he did complete the outpatient therapy; and
   c. the affidavit of Petitioner's mother, Lillie Jones, where she attested Mr. Dohoney informed her prior to the hearing that the prosecutor and judge were predisposed to sentence Petitioner to sixty years imprisonment.

(ECF Nos. 1 at 9-11; 24 at 11-15.) On December 14, 2020, Respondent filed their response (ECF No. 25) to which Petitioner replied on April 15, 2021 (ECF No. 30). On May 17, 2021, Petitioner filed a Motion for Discovery and Production, requesting, *inter alia*, the Court appoint an investigator, subpoena Petitioner's medical records; investigate the prior amendments to Petitioner's probation agreement; and order the production of all written communication between the Hill County District Attorney's Office and his adjudication counsel, Mr. Dohoney. (ECF No. 32.)

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by AEDPA. *See* 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S.

133, 141 (2005). This demanding standard stops just short of imposing a complete bar on federal court re-litigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Richter*, 562 U.S. at 102. A petitioner must show that the state court's decision was objectively unreasonable, not just incorrect, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). As a result, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. "'If this standard is difficult to meet—and it is—that is because it was meant to be.'" *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Burt v. Titlow*, 571 U.S. 12, 20 (2013)).

## III. Analysis

A. Ineffective Assistance of Counsel

The majority of Petitioner's federal habeas claims are based on allegations that his adjudication counsel provided constitutionally deficient assistance of counsel. The Sixth Amendment to the United States Constitution guarantees citizens the assistance of counsel in defending against criminal prosecutions. U.S. CONST. amend VI. Under Texas law, a defendant in a community supervision revocation hearing has the right to counsel. *See Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012).

Sixth Amendment claims based on ineffective assistance of counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced the petitioner's defense. *Id.* at 687-88, 690. The Supreme Court has emphasized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt*, 571 U.S. at 22 (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standard," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101.

1. *Failure to investigate and call witnesses (claims 1(a)-(g))*

In Petitioner's first seven claims, he alleges his adjudication counsel, Mr. Dohoney, provided ineffective assistance when Mr. Dohoney failed to (1a) consult with Petitioner for more than a five-minute phone call prior to the adjudication; (1b) complete a pretrial investigation and obtain Petitioner's medical records; (1c) interview Dr. Mariam Nehme Alame regarding Petitioner's diabetes mellitus; (1d) interview Dr. Blaine Michael Bachim regarding Petitioner's lower back pain; (1e) obtain Petitioner's medical records from Hill County Jail, which showed Petitioner was being treated for diabetes mellitus; (1f) obtain

the medical records from Dr. Lloyd K. Weldon regarding Petitioner's back surgery; and (1g) investigate the State's allegation that Petitioner did not complete his Intensive Out-Patient Treatment, which Petitioner alleges is false.

In February 2017, the State filed a First Amended Application to Proceed to Adjudication, listing the following nine probation violations:

1. Failure to report to his Community Supervisor Officer on July 19, 2016;

2. Failure to report to an Administrative Hearing on July 22, 2016;

3. Failure to pay a $50.00 probation fee for the months of December 2015 and/or July 2016;

4. Failure to perform 191.50 hours of community service by February 14, 2012;

5. Failure to pay $8.00 urinalysis fee by September 13, 2014;

6. Failure to pay $636.00 in fine, court costs, and attorney fees by July 20, 2016 as per court-ordered plan;

7. Failure to attend and successfully completed the Intensive Out-Patient Treatment as instructed and/or failed to provide documentation of completion to date;

8. Failure to pay $50.00 of detention time fee by May 11, 2016; and

9. Failure to report to his Community Supervision Officer in August 2016 and/or September 2016.

(ECF No. 26-26 at 105-07.) At the adjudication hearing, Petitioner and his mother, Lillie Jones, both testified; Krystina Marmino from Hill County Adult Probation, Angelique Bernard from Tarrant County Community Supervision and Corrections Department, and Dr. Keith Manning, Deputy Director of Hill County Adult Probation testified for the State. (ECF No. 26-27.) At the end, the trial judge found Allegations 1, 4, 5, and 7 to be true; the State withdrew Allegations 3, 6, and 8. (ECF No. 26-26 at 108.) The court found

Allegations 2 and 9 to be not true "relying upon the defendant's allegation of his diabetes and it having affected his abilities during those time periods." (ECF No. 26-27 at 119.)

Mr. Dohoney addressed Petitioner's allegations that he failed to investigate and call witnesses in his state-habeas affidavit. He attested he had been appointed Petitioner's counsel for Petitioner's 2009 charge of felon in possession of a firearm, and had also represented Petitioner on the State's 2013 application to proceed to final adjudication, which was based on allegations that Petitioner (1) had committed Aggravated Robbery, (2) had failed to notify probation of his arrest, (3) had failed to pay his financial obligations, (4) had failed to complete his community service, and (5) had failed to abide by his curfew. Mr. Dohoney averred that Petitioner plead true to four allegations, and that based on Mr. Dohoney's representation, Petitioner was continued on probation.

Regarding the State's 2017 First Amended Application to Proceed to Final Adjudication, Mr. Dohoney attested he spoke with the Petitioner twice over the phone "regarding the allegations in the State's Application to Proceed to Final Adjudication, the potential range of punishment involved, factual and legal defenses to said allegations, and offers made by the State. [Petitioner] understood said allegations, defenses, and offer. [I] also spoke with [Petitioner]'s mother regarding said allegations, and [Petitioner]'s medical condition." (ECF No. 26-24 at 6-8.) Mr. Dohoney further attested that Hill County Adult Supervision and Correction Officer Krysten Marmino "testified that [Petitioner] had issues with diabetes which hindered his ability to maintain employment. Officer Marmino also testified that [Petitioner] tested positive for cocaine and was unsuccessfully discharged in

from the Intensive Out-Patient Treatment program in Tarrant County, and that Tarrant County had 'closed interest' in supervising Applicant." (*Id.* at 9.)

The state habeas court—which was also the adjudication court—made the following findings of fact and conclusions of law:

> 3. Trial counsel has a sterling reputation with the Court and the community.
>
> 4. Trial Counsel's response adequately demonstrates that matters complained of were not the result of his representation, but the result of the conduct of the [Petitioner] while on the Deferred Adjudication term, and his failure to accept a reasonable plea offer. All evidence was considered by the Court and in the discretion of the trial court, the [Petitioner]'s punishment was assessed. But for [Petitioner]'s felonious conduct and insufficient behavior, the deferred adjudication probation would have expired as a result of the term. However, the admitted conduct of the[Petitioner] resulted in his sentence. Trial Counsel could only work with the facts presented. Trial Counsel's representation was certainly sufficient for constitutional standards.
>
> 5. This Court adopts Trial Counsel's conclusions as if set out herein, verbatim.
>
> 6. The Trial Court, recalling on its own recollection, finds that Trial Counsel's performance was not deficient.
>
> 7. As the finder of fact as the original trial of this matter, even if everything [Petitioner] complains of had been done differently, it would not have made a difference to the Trial Court.

(*Id.* at 11.)

This Court's review of Petitioner's claim is guided by the AEDPA, under which Petitioner must show that the state habeas court's determination was an unreasonable application of *Strickland*. *Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). In assessing the reasonableness of counsel's investigation, a heavy measure of deference

is applied to counsel's judgments and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. To prevail on an ineffective-assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Regarding Petitioner's claim that Mr. Dohoney failed to call witnesses, Petitioner has not shown that any of the doctors he names were available to testify or that their testimony would have been favorable to his defense. At the adjudication hearing, Petitioner effectively admitted to the probation violations, but argued his chronic medical conditions—diabetes and back pain—made it impossible for him to comply. Indeed, the adjudication court credited some of the testimony that Petitioner suffered from diabetes, and as a result, found Allegations 2 and 9 not true. Petitioner has not shown how the testimony from these physicians would have changed this outcome.

The state habeas court found that Mr. Dohoney had a "sterling reputation"; that his performance was not deficient; and that Petitioner's case would not have had a different result even if Mr. Dohoney had done everything Petitioner requested. *See Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014) (citations omitted) (where the state habeas court and trial court are one in the same, the presumption of correctness afforded the state habeas court's factual determinations is especially strong). Further, although Petitioner argues he completed his Intensive Out-Patient Treatment program but just did not attend the graduation ceremony—something he alleges Mr. Dohoney could have

argued to the adjudication court had he investigated the case—Petitioner failed to provide any evidence either to the state habeas court or this court supporting this allegation. *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Petitioner has failed to rebut the state habeas court's findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (a state court's factual findings are "presumed to be correct" unless the habeas petitioner rebuts the presumption through "clear and convincing evidence"). Accordingly, the Court concludes the state habeas court's application of *Strickland* was not unreasonable, and these claims are denied.

2. *Failure to Advise Petitioner Regarding Sentencing (claim 1(i))*

Petitioner argues Mr. Dohoney provided ineffective assistance when he failed to advise Petitioner that the State and the adjudication court were predisposed to sentence Petitioner to sixty years imprisonment. For support, Petitioner points to a December 21, 2018 notarized letter signed by his mother, Lillie Jones, wherein she states "On the day of March 23, 2017 in the Hill County court room [I] Lillie Jones spoke with Mr. Patrick Dohoney [I] asked him what was my son chances? Mr. Dohoney told me not good they are going to give him [s]ixty years." (ECF No. 26-26 at 24-25.)

At the beginning of Petitioner's adjudication hearing, Petitioner testified that he understood the sentencing range for being a felon in possession, habitual offender, was twenty-five to ninety-nine years imprisonment. He further testified that the State had offered him twenty-five years imprisonment if he plead true to the probation violations,

but he had rejected the offer. Petitioner confirmed he "discussed all the options" with Mr. Dohoney after he rejected the State's plea deal. (ECF No. 26-27 at 6-7.)

In his affidavit, Mr. Dohoney attested that, after the adjudication hearing when the court sentenced Petitioner to sixty years imprisonment, "the State made another 35-year plea offer, if [Petitioner] waived his right to appeal. [Petitioner] again rejected the State's plea offer. In my opinion, [Petitioner]'s sentence would have been significantly shorter had he taken any one of the State's plea offers." (ECF No. 26-24 at 10.) The state habeas court recommended denying this claim, concluding [Petitioner]'s sentence was not due to Mr. Dohoney's actions, but "the result of the conduct of the [Petitioner] while on the Deferred Adjudication term, and his failure to accept a reasonable plea offer." (*Id.* at 11.)

Petitioner's conclusory allegation that Mr. Dohoney knew the State and adjudication court would sentence him to sixty years imprisonment is insufficient to state a claim for ineffective assistance of counsel. *Demik*, 489 F.3d at 646. Further, the state habeas record shows that Petitioner rejected the State's pre-hearing offer of twenty-five years imprisonment, and its post-hearing offer of thirty-five years imprisonment. Petitioner has failed to rebut the state habeas court's findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Accordingly, the Court concludes the state habeas court's application of *Strickland* was not unreasonable, and this claim is denied.

3. *Failure to File Motion for Appointment of Expert*

Petitioner argues Mr. Dohoney filed an allegedly "defective" motion for the appointment of a medical expert, which "allowed the State to obtain a tactical advantage" thereby prejudicing Petitioner's defense. In his amended state habeas application,

Petitioner argued that the motion for appointment of expert was defective because it was not filed ex parte and therefore not filed under seal, and it neither specified an estimated cost of an expert witness nor named a specific medical expert. (ECF No. 26-25 at 10.)

The state habeas record shows that Mr. Dohoney filed a motion for appointment of an Expert on February 1, 2017. (ECF No. 26-26 at 82-84.) At the adjudication hearing, Mr. Dohoney brought up the motion, and the adjudication court stated that it would hear the State's evidence and then determine whether an expert witness was necessary. (ECF No. 26-27 at 9.) The court later stated it would have preferred one of Petitioner's treating physicians to testify, rather than an expert, and Mr. Dohoney replied he could subpoena one of Petitioner's physicians. However, rather than subpoenaing a physician, the court decided it would "give [Petitioner] the benefit of the doubt on the diabetes issue. . . . I'm just going to give [Petitioner] the benefit of the doubt on the [alleged violations] that I think the diabetes does apply to; on the ones not, then I'll make a decision and determine what we'll do." (*Id.* at 75-78.)

In recommending this claim be denied, the state habeas court concluded that "As the finder of facts [in] the original trial of this matter, even if everything Applicant complains of had been done differently it would not have made a difference to the Trial Court." (ECF No. 26-24 at 11.) To prevail on an ineffective-assistance claim, Petitioner must prove by clear and convincing evidence not only that Mr. Dohoney's performance was deficient, but also that Petitioner was prejudiced by it, i.e. there was a substantial likelihood of a different result but for counsel's deficient performance. *See Richter*, 562 U.S. at 112 (to show prejudice, the "likelihood of a different result must be substantial, not

just conceivable). Petitioner has not shown prejudice: the adjudication court specifically said it gave Petitioner the benefit of the doubt on the diabetes issue, and then found two of the nine alleged violations not true based on this. *See Pondexter v. Quarterman*, 537 F.3d 511, 520 (5th Cir. 2008) (finding an ineffective-assistance claim may be rejected for want of either deficient performance or prejudice, and thus the absence of either prong of the *Strickland* analysis is dispositive). Petitioner has failed to show by clear and convincing evidence that, had Mr. Dohoney filed a different motion for appointment of an expert, the outcome of his adjudication hearing would have been different. The state habeas court's application of *Strickland* to this claim was not unreasonable, and it is denied.

### 4. *Failure to Provide Legal File (claim 1(h))*

In Petitioner's last ineffective-assistance-of-counsel claim, he argues Mr. Dohoney failed to timely provide him with his legal file in an effort to hinder Petitioner's state and federal habeas applications. Petitioner states he requested the file from Mr. Dohoney on December 13, 2018, but Mr. Dohoney did not provide it to Petitioner until August 12, 2019. (ECF No. 30 at 22.) The record shows that Petitioner filed his federal writ on August 19, 2019 and his amended state habeas application on February 11, 2020. He then filed a supplemental federal writ petition on October 9, 2020. Petitioner had several months with his legal file to research and write habeas petitions. This claim is denied.

### B. Adjudication Court Error

Petitioner argues he is entitled to habeas relief because the adjudication court erred when it found Petitioner had violated his probation by not timely paying an $8.00 urinalysis fee, without first concluding Petitioner had the ability to make the payment.

16

Probation revocations are not subject to a reasonable-doubt standard. According to Texas law, a probation revocation proceeding is neither a criminal nor a civil trial, but an administrative hearing. *Bradley v. State*, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978). To warrant revocation, the State need only establish by a preponderance of the evidence that a defendant violated the terms of his probation. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies this burden when the greater weight of the credible evidence presented creates a reasonable belief that a condition of probation has been violated as alleged. *Martin v. State*, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. 1981). Under Texas law, community supervision may be revoked for a violation of even a single condition of the community supervision agreement. *See Wade v. State*, 83 S.W.3d 835, 839 (Tex. App.—Texarkana 2002, no pet.) (citations omitted). Finally, the revocation of probation passes constitutional muster under the Fourteenth Amendment Due Process Clause as long as it is not "totally devoid" of evidentiary support. *Douglas v. Buder*, 412 U.S. 430, 432 (1973) (per curiam).

The adjudication court concluded Petitioner had violated his probation when he failed to report to his Community Supervision Officer on July 19, 2016; failed to perform his community service hours by February 14, 2012; failed to pay the $8.00 urinalysis fee on time; and failed to complete his Intensive Out-Patient Treatment. Officer Krysten Marmino testified that Petitioner failed to pay the $8 urinalysis fee by September 13, 2014, and that she had no indication that he could not pay the fee. Marmino later testified that the $8 was paid off after Petitioner made a $310 payment on March 5, 2016. (*Id.* at 34.) The State later stated that it would still proceed on this allegation because the testimony

was undisputed that Petitioner failed to pay the fee by the original due date, September 13, 2014. (*Id*. at 58.) Petitioner testified in his defense at the adjudication hearing but did not address this allegation.

The record is not totally devoid of evidentiary support for the adjudication court's conclusion Petitioner failed to timely pay the urinalysis fee. Even assuming *arguendo* that there was no evidence support for the court to find the urinalysis violation true, there were still three other allegations the court found true: that he did not report to his Community Supervision Officer on July 19, 2016; that he failed to complete 191.50 hours of community service by February 14, 2012; and that he did not successfully complete his Intensive Out-Patient Treatment. At the hearing, Petitioner essentially admitted to all the alleged violations, but argued he should be continued on probation based on his inability to comply due to his chronic diabetes, back pain, and inability to find a job. Yet, by finding these allegations true, the court implicitly credited the testimony from the State's witnesses and discredited Petitioner's testimony. It is within the adjudication court's discretion to make these credibility findings. Petitioner has failed to rebut the state habeas court's findings with clear and convincing evidence that there is no evidentiary support for his probation revocation. *See* 28 U.S.C. § 2254(e)(1). This claim is denied.

C. No State Habeas Evidentiary Hearing

Finally, Petitioner argues that the state habeas court erred when it failed to hold an evidentiary hearing on his state habeas application, so that Petitioner could present evidence that his counsel was ineffective for failing to obtain medical evidence, investigate

the Intensive Out-Patient Treatment allegation, and advise Petitioner the State and court were predisposed to sentence him to sixty years imprisonment.

It is "axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (internal quotation marks and citation omitted). *See also Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010). An attack on a state habeas proceeding does not entitle the petitioner to federal habeas relief, because at attack on the state habeas proceeding is a challenge to a proceeding collateral to detention and not a challenge to the detention itself. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). The Fifth Circuit has held "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984). Because this claim is not cognizable in a federal habeas action, *Kinsel v. Cain*, 647 F.3d 265, 273-74 & n.32 (5th Cir. 2011), relief on this claim must be denied.

D. Motion for Discovery and Production

Petitioner moves for leave to conduct discovery pursuant to Rules 6(a) and (b) of the Rules Governing § 2254 cases. A habeas petitioner is generally not entitled to discovery. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (quoting Gibbs v. Johnson, 154 F.3d 253, 258 (5th Cir. 1998)). Petitioner's factual

allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id*. "Simply put, Rule 6 does not authorize fishing expeditions." *Id*.; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

The record shows Petitioner had the opportunity to develop the factual basis of this claim when he presented it to the state court in his state habeas petition. Petitioner does not allege specific facts showing that discovery is justified by good cause as required by Rule 6 of the Rules Governing § 2254 Cases.

To the extent Petitioner seeks an evidentiary hearing, 28 U.S.C. § 2254(e)(2) addresses the criteria for when an evidentiary hearing should be held, providing that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Overcoming the narrow restrictions of § 2254(e)(2) does not guarantee a petitioner an evidentiary hearing, it merely opens the door for one. Under Rule 8 of the Rules Governing § 2254 Cases, if a petitioner overcomes the obstacles of § 2254(e)(2), the Court still retains discretion over whether to grant an evidentiary hearing. *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). "In determining whether to grant a hearing, the judge must review the answer [and] any transcripts and records of state-court proceedings . . . to

determine whether an evidentiary hearing is warranted." *Richards v. Quarterman*, 566 F.3d 553, 562-63 (5th Cir. 2009) (internal quotations omitted). If the Court has sufficient facts to "make an informed decision regarding the merits of a claim," it may properly deny the petitioner an evidentiary hearing. *Murphy*, 205 F.3d at 816. When the state-court record "precludes habeas relief," a district court is "not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 464 (2007).

Petitioner's conclusory assertions regarding the merits of his allegations are insufficient to warrant an evidentiary hearing. Further, the state habeas record shows Petitioner is not entitled to relief and, therefore, no evidentiary hearing is warranted. This motion is denied.

## IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Motion for Discovery and Production (ECF No. 32) are **DENIED**; and

It is **FURTHER ORDERED** that no certificate of appealability shall issue in this case.

 **SIGNED** on July 12, 2021



        ALAN D ALBRIGHT
        UNITED STATES DISTRICT JUDGE